DIETZ, Judge, concurring.
I concur in Parts C and D of the majority opinion and thus concur in the Court's judgment.
I would not reach the issues of whether Defendant clearly and unequivocally waived his right to counsel, whether the trial court engaged in the required statutory inquiry concerning that waiver, and whether Defendant's waiver was knowing, intelligent and voluntary, as discussed in Parts A and B.
As the majority explains in Part C, Defendant forfeited his Sixth Amendment right to counsel. Defendant acted belligerently and used abusive language toward his counsel, ultimately forcing two separate court-appointed lawyers to withdraw. After indicating that he would retain a "real f* * *ing lawyer" (because he believed his court-appointed lawyers were conspiring with the prosecution), Defendant repeatedly arrived at future hearings without counsel although he insisted he would retain private counsel. At one hearing in which the trial court inquired about Defendant's plans for representation, Defendant made offensive hand gestures and acted belligerently toward the court, resulting in criminal contempt.
Defendant's pattern of abusive conduct toward court-appointed counsel, his insistence that he would retain a "real f* * *ing lawyer" to represent him, and his obstructionist approach to his own representation amount to sufficiently serious misconduct to support forfeiture. State v. Wray,206 N.C.App. 354, 360, 698 S.E.2d 137, 142 (2010).
Opinion
Appeal by defendant from judgment entered 24 June 2014 by Judge Gale M. Adams in Columbus County Superior Court. Heard in the Court of Appeals 3 March 2015.